# SUPPLEMENT.

## OPINIONS OF THE JUSTICES TO THE SENATE AND HOUSE OF REPRESENTATIVES.

Under the Constitution of the Commonwealth, the Senate has an equal right with the House of Representatives to originate an inquiry into the returns made from the towns, for the purpose of settling a valuation, and of concluding on the proportion of ratable property within each town.

ON February 13, 1781, the following order was passed by the Senate, and on February 20 by the House of Representatives:

Whereas it is provided by the Constitution that "all money bills shall originate in the House of Representatives," and the House are of opinion that, agreeable to the spirit of the clause above recited, it is their exclusive right and duty to originate an inquiry into the returns made from the several towns and plantations for the purpose of settling a valuation, and finally to conclude on the proportion of ratable property within each town and plantation in this state; and whereas the Senate are of opinion that the above recited clause does not apply to the settlement of a valuation, and therefore, that, by virtue of the equal rights and powers which are given by the first section of the first chapter in the Frame of Government to the two branches of the Legislature, the Senate have an equal right and concern with the House of Representatives in originating and completing the settlement of a valuation; and whereas it is essential to the public interest that the two branches of the Legislature should, on the present occasion, unite in their construction of the Constitution without delay; Therefore Resolved, that in order hereto the Judges of the Supreme Judicial Court be and they hereby are directed to deliver in writing to each House of the Legislature, on or before the twenty-second day of February instant, their respective opinions on the above questions in debate.

On February 22, 1781, the Justices of the Supreme Judicial Court came into the Senate and delivered their several opinions in writing, as follows:

May it please your Honors:

In obedience to the special order of the General Court of the twentieth instant, to the Justices of the Supreme Judicial Court, (with which they are honored,) directing them to deliver their respective opinions in writing to each House of the Legislature, upon their several powers respecting the list of valuation by the new Constitution; I have endeavored for myself to form an opinion, as well as I could in the short space allowed.

The question, as far as I understand the matter, amounts to this, viz. Whether the Senate have an equal right with the House of Representatives in examining the lists of valuation returned from the several towns, and adjusting the same, as a rule for their future conduct in making laws imposing public taxes?

In answer to which I would observe that, by the first article of the first section of the first chapter upon the Frame of Government, the power of legislation is lodged in both Houses, each having a negative upon the other. By the fourth article of the same chapter, the General Court are empowered to impose and levy proportionable assessments and taxes upon all the inhabitants, &c. And by the same article it is directed, that, while the charges of government shall be assessed on the polls and estates in the manner that has hitherto been practised; in order that such assessments may be made with equality, "there shall be a valuation of estates within the Commonwealth taken anew once in every ten years at least, and as much oftener as the General Court shall order." By the second section of the same chapter, the Senators are to be elected by the districts; who are to be proportioned upon them according to the taxes paid by such districts, and the inhabitants of the several towns, (as also of unincorporated plantations which are taxable,) having the requisite qualifications of voters, are to have a voice in electing them.

Now, as the Senate are elected by the people and represent them; as they have a joint power with the other branch to order a general valuation, whenever it shall be taken; as they have a joint power, also, expressly to impose and levy proportional as-

sessments and taxes, in order to which it seems necessary that they should judge of the rectitude of the proportion by which such assessments and taxes are to be regulated; I conclude that the Senate must have a right to examine the lists of valuation returned, and adjust the same for themselves, or to concur in such adjustment; and that, whether it be considered as an act of legislation, or only as a necessary step to legislation in imposing proportional public taxes — the latter of which I am rather inclined to think, as to originating the inquiry into the lists of valuation — the clause that directs that "all money bills shall originate in the House of Representatives" does not appear to me to relate to it. For I suppose a money bill to be a bill imposing a direct tax on the people; which the inquiry into the lists of valuation and settling the same cannot so properly be said to be, as it may be called the settling a rule of proportion, by which each branch of the Court will be governed when they proceed to pass money bills. If this be the case, then, there being no other clause in the Constitution establishing a precedence in this particular, the right of both branches must be equal.

An objection to what I have said may arise from the practice of the House of Representatives under the former government, who solely settled the valuation, in exclusion of the Council. But as that practice arose probably from a supposed resemblance of the Council to the House of Lords in the British government, who are not elected by the people, and do not represent them, but are a distinct body, having a distinct interest from the people, I apprehend no application can thence be made to a government formed upon a plan so different and popular as ours is.

As to that clause in the said fourth article, viz. "While the public charges of government, or any part thereof, shall be assessed on polls and estates in the manner that has hitherto been practised," it does not appear to me to relate to the former practice of the House in settling the valuation lists, but to the mode of raising government charges, viz. upon polls and estates, rather than by duties and excises, and by other methods than by a general proportional tax upon the whole people.

I am your Honors' most obedient humble servant,

WILLIAM CUSHING.

To the Honorable Senate of the Commonwealth of Massachusetts :

Pursuant to your Honors' directions, I have endeavored to consider the subject mentioned in your Honors' resolve as fairly and fully as the very short time allowed me would permit.    Perhaps if I had heard all the arguments that have been made use of, I might be of a different opinion.    But in obedience to your Honors' command, I must now express my mind on the subject as clearly as I am capable of.

It seems necessary in the first place to consider, whether this settlement of a valuation is an act of legislation, or not.    It appears to me not to be an act of legislation, but the framing a rule to direct or assist in legislation.    The difference between a rule and a law is this : the latter is binding, and has an obligatory force in it, and the other has not.    The settlement of a valuation only binds nobody ; for, while it rests there, no duty or obligation is laid on the people ; and the Legislature cannot be bound by it, for they may alter or destroy it at pleasure.    Therefore it appears to me to be only a rule to assist in legislation.

The act for making inquiry into the estates of the inhabitants is to be considered as an act of legislation, because it obliges the assessors to give in a list of estates in the towns they belong to, and obliges the inhabitants to give in their estates to the assessors ; and in that view, and considered as determining the subjects of taxation, it may be considered as a money bill, and ought by the Constitution to originate in the House of Representatives. In the same manner ought a tax bill for collecting money from the several towns to be understood as a money bill, because these may strictly be considered as laws or acts of legislation.    But a rule to legislate by is of a different nature.

By the Constitution, " the General Court," consisting of a Senate and House of Representatives, are " to impose and levy proportional and reasonable assessments, rates and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the Commonwealth."    Now, in order to do that duty, it is necessary that the Senate and House of Representatives should know the number of inhabitants, and persons resident, and estates lying, within the several towns, &c. in the Commonwealth, which can be only found by the returns from the several

towns; and no Senator or Representative can be satisfied that he imposes a proportionable assessment on any town, unless he knows the proportion of persons and estates in that town, compared with the persons and estates in the whole Commonwealth; and he has no right to impose any but proportional assessments. So that it appears to me that the Senate and House of Representatives have an equal right to the returns from the several towns, to form a rule for themselves respectively, to legislate by, and impose proportional assessments. Whether the public would be best served by the Senate and House of Representatives joining in forming such a rule is a question of expediency, which I apprehend does not belong to us to determine.

If I am right in what I have advanced, the clause in the Constitution, that "money bills shall originate in the House of Representatives," does not apply, because that respects acts of legislation only, as appears by the clause immediately after, that "the Senate may propose or concur with amendments." I apprehend the ancient usage can have but little weight, because by the last-mentioned clause it appears to be intended to make an alteration in former usages. Formerly the Council were not immediately the representatives of the people, but were subject to a regal negative; now, the Senate are representatives of larger, as the House are of smaller districts. But why there was so strict an adherence to that rule then, I never was able to comprehend; the similarity between the House of Lords in England and our Council was not so great as to warrant it.

The last clause in chapter 1, section 1, "while the public charges of government, or any part thereof, shall be assessed on polls and estates, in the manner that has hitherto been practised," does not appear to me to have weight, because the words "hitherto practised" seem to refer to the subjects of taxation only, and not to the manner of proportioning the taxes on those subjects; for the same clause directs that a valuation of the estates shall be taken every ten years at least, that the assessments may be made with equality upon those subjects.

I have considered it as my duty to deliver my sentiments with frankness, and trust your Honors will excuse my freedom in consideration that duty is of superior obligation to politeness.

I remain your Honors' most obedient servant,

NATHANIEL PEASLEE SARGEANT.

May it please the Honorable Senate:

In obedience to the directions of the Honorable Senate of the twentieth instant, respecting the settlement of a rule of valuation, I beg leave to observe, that the power and authority the Council of Massachusetts Bay held under the Charter of William and Mary, respecting money matters, were supposed to be limited to a bare assent or dissent; from the idea that the representative body was confined to the persons immediately elected by the people in their several towns. These deductions were doubtless drawn from the analogy between the Great and General Court of Massachusetts Bay and the Parliament of Great Britain. Therefore precedents under the Charter upon similar occasions are no more a rule of conduct now, than the similarity of the House and Senate under the present Constitution, as to their mode of appointment, to the House of Commons and House of Lords in Great Britain.

It was supposed that the grants of money were the free gifts of the people at large by their representatives, and that there was a degree of unfitness or impropriety in other persons interfering in the quantum or manner of making them. The Senate, by the Constitution, are as much the immediate choice of the people, as the members of the House of Representatives; and are apportioned on the several districts they come from, in proportion to the taxable property contained in the district. And here it may not be amiss to observe that unincorporated plantations (several of which are taxed) have no immediate voice in appointing a representative at the General Court, unless the Senators for the district in which such unincorporated plantations are situated are the representatives.

The General Court of Massachusetts, by a paragraph in the fourth article of the first chapter, are empowered "to impose and levy proportional and reasonable assessments, rates and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the Commonwealth." And in another paragraph in the same article, it is provided, that, in order that such assessments may be made with equality, there shall be a valuation of estates taken anew once in every ten years at the least. And each House having a negative on the other seems to make them

equally entitled to all the documents necessary to make a proportional assessment upon the ratable property taxed.

By the seventh article in the third section, "All money bills shall originate in the House of Representatives; but the Senate may propose or concur with amendments, as on other bills." The settling a valuation list, or an inquiry into the ratable property of the government, seems to be a previous business to the originating a money bill, and unless the Senate have a voice in this inquiry, how can they, as one branch of the Legislature, impose and levy proportional assessments? The fixing an invoice or valuation of property that is or ought to be taxable does not appear to me to be originating a money bill in the sense of the Constitution. For after such a valuation is settled and finally adjusted, even on the supposition that both Houses join or concur in doing it, no money is raised, levied or granted by it.

I do not therefore at present see any unconstitutional impropriety in the two Houses joining in fixing and adjusting the valuation; which, in other words, is drawing a comparison, from the returns made into the Secretary's office, between the ability of one town and another in the Commonwealth to pay taxes. But in case the two Houses cannot agree to join in such inquiry, each House has an equal right to inquire for itself.

I am most respectfully your Honors'

Obedient humble servant,

DAVID SEWALL.

To the Honorable the Senate of the Commonwealth of Massachusetts:

May it please your Honors: Being served with a copy of a resolution of both Houses of the Legislature, the preamble whereof sets forth that the House of Representatives are of opinion that it is their exclusive right and duty to originate an inquiry into the returns made from the several towns and plantations, for the purpose of settling a valuation, and finally to conclude upon the proportion of ratable property of each town and plantation in the State; and that the Senate conceive that, by the powers given them in the Constitution, they have equal right and concern with the House in completing the settlement of a valuation; and the resolution directs that the Judges of the Su-

preme Judicial Court shall deliver in writing to both Houses of the Legislature, upon this day, their respective opinions upon the above question; I am very sensible of the honor done to the Bench by the command of the Legislature in this instance; but am obliged to say, that in a question so complicated, and of such magnitude, I could have wished that a longer space than two days had been allowed me.

In the address of the late Convention to their constituents, it is expressly said, that the Senate are designed as the representatives of the property of the State; but that address being an act neither originating with nor concurred by the people, it can be no part of the Constitution. Nevertheless, the provision. that the number of Senators from each district shall be in proportion to the taxes there paid strongly holds up the same idea.

The Constitution provides that the Legislature shall "impose and levy proportional and reasonable assessments, rates and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the Commonwealth;" that "all money bills shall originate in the House of Representatives; but the Senate may propose or concur with amendments, as on other bills;" and that, "while the public charges of government, or any part thereof, shall be assessed on polls and estates, in the manner that has hitherto been practised; in order that such assessments may be made with equality, there shall be a valuation of estates within the Commonwealth taken anew once in every ten years at least, and as much oftener as the General Court shall order." Upon these clauses I conceive that the question must be determined.

The taking a valuation, in its first progress, is but an inquiry where the ratable property is; and here the entire powers of legislation are to be drawn into exercise; in the first place, to declare what species of property shall be subject to taxation; and secondly, to direct the mode of investigating where that property is, or what proportion of it is held by each town, and to compel a compliance in the subject with such mode as they are pleased to direct; and this I think is well supported by the clause which provides for the taking a valuation.

But when the evidence of what property is held by each shall be returned to the office of the Secretary, it is to be arranged

and adjusted, not by an act of legislation, but as a basis whence a due proportion of taxes may arise upon each town. If this was to be done by a solemn and formal act of legislation, it would become indispensably necessary, in every alteration in subsequent taxes, to have a solemn and formal repeal of it, unless, when a succeeding tax act should differ, it might be deemed a repeal of that part of the valuation with which it militated; and this would render the valuation an act of very changeable and fickle existence; and so fluctuating is property, that, unless taxes follow each other in a very rapid succession, there must be many alterations in each.

The settlement of a valuation cannot be an act of legislation, because nobody is bound by it. It relates to nobody but the two Houses, who can recede from it severally when they please. A Legislature cannot make laws to bind itself as such, and a valuation before a tax act is passed cannot lay an obligation upon any person whomsoever. And hence it appears that a valuation, although agreed upon by both Houses, cannot be anything more than a mode of conduct, to which they have both assented; and cannot be the originating of a money bill, because the moment a bill is originated it must begin to exist, and a valuation may exist forever without a tax act. And therefore, as it is no act of legislation, I can find no necessity, arising from the Constitution, of its being the act of both Houses as a Legislature.

But nevertheless, as no bill for taxing the people can be passed without the concurrence of the Senate, and as the Constitution hath made it their duty as one branch of the Legislature to see that the assessments of taxes are proportionate and reasonable, they ought, before they act, to have such evidence laid before them as will induce a belief that the tax originated by the House is proportionable upon the towns according to their share of property; which evidence cannot be had in the Senate consistently with the claim of the House. For if the House is "finally to settle and conclude upon the proportion," and solely to possess the documents and evidence returned in pursuance of an act of the whole Legislature, the Senate must act without due light and information, and thereby be rendered dependent upon the House.

The Constitution provides fully, as I apprehend, against this inconvenience, for the Senate may propose an amendment in a

money bill; which power cannot be confined to the form of the act alone, but must be extended to every part of the bill. And they must be supposed to act understandingly, and their understanding, if they act as an independent body, must arise from the returned lists of property, and not from the arrangement or opinion of the House upon those lists.

I am therefore of opinion that the determination of what property shall be liable to taxation, and the settlement of the mode of obtaining evidence of what quantity of such property each town is possessed, are acts of legislation, and must be done by both Houses; and that, when such evidence is lodged in the Secretary's office, it is, by force of the Constitution, as other documents and papers are, subject to the control of both Houses, and either may order the Secretary to lay them upon their table. But as the arrangement of them into what is called a valuation, in order to determine the proportion of tax to be assessed upon each town, is merely a mode of acquiring light from and rectifying mistakes in the evidence, I can see no necessity, arising from any part of the Constitution, of its being an act of both Houses as a Legislature, but they may, from the documents, make separate rules of proportion for themselves respectively, although it might be more convenient to do it jointly.

JAMES SULLIVAN.*

---

* In March 1781, the following report was made to the House of Representatives, concurred in by both Houses and approved by the Governor:

"The committee of both Houses appointed to consider the Opinions of the Justices of the Supreme Judicial Court, upon the question between the two Houses relating to the taking of the valuation, and inquire into and report the principles on which the valuation shall be taken, report as their opinion, that there be a committee of both Houses appointed to examine the returns of the several towns in this State respecting their taxable property and state a valuation thereon, and report the proportion that the several towns and plantations in this Commonwealth shall pay toward the public taxes, — to consist of five members from the Senate with such numbers from the House as the House shall think proper to add thereto."